1  F. THOMAS EDWARDS ESQ.
   Nevada Bar No. 9549
2  E-mail: tedwards@nevadafirm.com
   ADAM J. PERNSTEINER, ESQ.
3  Nevada Bar No. 7862
   E-mail: apernsteiner@nevadafirm.com
4  HOLLEY DRIGGS
   300 South Fourth Street, Suite 1600
5  Las Vegas, Nevada 89101
   Telephone: 702/791-0308
6
7  *Attorneys for Defendants*

8  **UNITED STATES DISTRICT COURT**

9  **DISTRICT OF NEVADA**

| | |
|---|---|
| JIMMY COLSON, an individual;<br><br>Plaintiff,<br><br>v.<br><br>BULOW HOLDINGS, LLC, a Delaware limited liability company; and, OSSUR AMERICAS, INC., a California corporation;<br><br>Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL OF ACTION FROM THE EIGHTH JUDICIAL DISTRICT COURT, CLARK COUNTY, NEVADA, TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA, PURSUANT TO 28 U.S.C. §§ 1331, 1441, and 1446.** |

**DEFENDANTS' NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE THAT** in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Bulow Holdings, LLC ("Bulow") and Ossur Americas, Inc. ("Ossur"), by and through their counsel HOLLEY DRIGGS remove this action from the Eighth Judicial District Court for Clark County, Nevada (the "Nevada State Court") to the United States District Court for the District of Nevada. In support of this Notice of Removal, Defendants state as follows:

**Procedural History and Plaintiff's Allegations**

1. On October 20, 2022, Plaintiff Jimmy Colson filed a complaint in the Nevada State Court against Defendants, Case Number A-22-860129-B, Department 27. A copy of the complaint

1. in the Nevada State Court action, together with exhibits and all initial papers, is attached to this notice as **Exhibit A**.

2. Plaintiff alleges that Bulow has not made a timely payment in the amount of $85,000 under the terms of the parties' promissory note and Equity Purchase Agreement. Plaintiff asserts causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, account stated, and declaratory relief.

### Grounds for Removal

3. This Court has jurisdiction over the Nevada State Court action under 28 U.S.C. § 1332(a) because (i) there is complete diversity of citizenship between Plaintiff and Defendants, and (ii) the matter in controversy exceeds the value of $75,000, exclusive of interest and costs.

4. Plaintiff is a citizen of Nevada.

5. Defendant Ossur is a corporation. For purposes of diversity, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C.A. § 1332(c)(1). The Supreme Court has held that the "phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Ossur is incorporated and has its principal place of business in California.

6. Defendant Bulow is a limited liability company. "[T]he citizenship of an LLC is determined by the citizenship of its members. For complete diversity to exist, all of the LLC's members must be diverse from all parties on the opposing side." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (internal quotations and citations omitted). The members of Bulow are CTC Management Inc. and Bulow Management Holdings, LLC. CTC Management

Inc. is a corporation formed under the laws of the state of Delaware. Bulow Management Holdings, LLC's single member is CTC Management Inc.

7. The amount in controversy exceeds $75,000. The promissory note at issue is valued at $2,850,000, and Plaintiff alleges Bulow failed to make a payment in the amount of $85,000.

### The Procedural Requirements for Removal Have Been Satisfied

8. This Notice of Removal is being filed within 30 days of October 20, 2022. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

9. Venue is proper in this Court in accordance with 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the District of Nevada is the federal judicial district that embraces the entire State of Nevada.

10. After filing this Notice of Removal, Defendants will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of the Nevada State Court in accordance with 28 U.S.C. § 1446(d).

### Non-Waiver of Defenses

11. By removing this action from the Nevada State Court, Defendants do not waive any defenses available to them

12. By removing this action from the Nevada State Court, Defendants do not admit any of the allegations in Plaintiff's complaint.

DATED this 18th day of November, 2022.

**HOLLEY DRIGGS**

*/s/ F. Thomas Edwards*
F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 9549
ADAM J. PERNSTEINER, ESQ.
Nevada Bar No. 7862
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
*Attorneys for Defendants*